MR. JUSTICE JOHN C. HARRISON
(concurring and dissenting):
I concur in the reversal of the conviction on the grounds stated by the majority as to issues two, three and four, but I must state my dissent as to issue one, that of speedy trial, and not returning the case to the district court for retrial.
Without in any way denigrating the conclusions reached by the majority, I am of the opinion, particularly in view of the *388 fact we have recently completely reviewed and adopted a New Criminal Code covering both the substantive procedural law and have also adopted a new Constitution, that we should leave to the legislature the adoption of standards for what constitutes a “speedy trial”. What this Court has done recently in trying to follow the dictates of the United States Supreme Court’s opinion in Barker v. Wingo in our opinions in State v. Stewart and State ex rel. Sanford v. District Court may well be establishing by judicial dictate a standard not acceptable to our lawmakers.
I do not read into the Barker decision that which is here found by the majority. Even though the United States Supreme Court in its effort to say what constituted a “speedy trial” by setting up certain criteria to judge a claim of denial, it is of import to note that the decision does not establish definite time limits for determining when the right has been denied. All the Court did was to draw a constitutional blue print to assist us in establishing the limits. They left to us to decide, on a case by case basis, the cases that we must judge using as a balancing test “in which the conduct of both the prosecution and the defendant are weighed.”
Justice Powell, writing for a unanimous court in Barker, found that there were three ways in which the right of speedy trial differs inherently from other constitutional rights that protect an accused. First, the right involves considerable societal interests apart from those of the accúsed and the general concern for a fair system of criminal justice. Second, the right to a speedy trial differs significantly from other constitutional rights of an accused in that its denial is not always detrimental to the accused. Third, the right to a speedy trial is more indefinite than other procedural rights.
As noted previously Barker does not provide much guidance for lower courts in determining whether a speedy trial was denied an accused. The opinion fails to establish guidelines or procedures to implement the right to a speedy trial. Rather, the court adopted an, ad hoc balancing test as being constitutionally *389 appropriate for a right that is necessarily relative. In so doing it rejected two inflexible approaches; one, the establishment of a specific time limit; second, the “demand-waiver” rule.
The court in Barker, in adopting the ad hoc balancing test directs a court faced with the speedy trial issue in the problem of weighing the following factors: (1) Length of delay; (2) reason for delay; (3) defendant’s assertions of his rights; and (4) prejudice to the defendant. In so doing they set the stage for the development of procedural and substantive standards by either the courts or the legislature. This being a substantive matter it should be considered by the legislature.
In New Jersey the court has adopted a rule that would alleviate the difficulty this Court finds itself in in considering that amounts to a speedy trial. New Jersey Rule 3:25-2 established that after six months following accusation, a court of its own motion or that of the defendant may set the case for trial on a certain day. If the case is not tried on that day, the court may dismiss the charge and the dismissal operates as an acquittal. Should the legislature fail to consider this problem at its next session I would favor adopting a rule, similar to that of New Jersey, under our rule making power, but I would first let them consider the problem.
I would reverse the conviction and send it back for a new trial.